TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3165/(505) 224-1495
Facsimile: (213) 894-3713/0141
E-mail: Lyndsi.Allsop@usdoj.gov
Maria.Stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RYAN JAMES WEDDING, et al.,

Defendant.

No. 2:24-cr-000369(A)-SPG

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** 02-10-2026/ 02-11-2026
**PROPOSED TRIAL DATE:** 11-03-2026
**STATUS CONFERENCE:** 10-21-2026

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Lyndsi Allsop and Maria Elena Stiteler, and defendant Andrew Clark ("defendant Clark"), both individually and by and through his counsel of record, Matthew Lombard; defendant Carlos Alberto Peña Goyeneche

("defendant Goyeneche"), both individually and by and through his counsel of record, Peter Swarth; defendant Andres Felipe Puccetti Iriarte ("defendant Iriarte"), both individually and by and through his counsel of record, Mark Kassabian; and defendant Anselmo Acuna Garcia ("defendant Garcia"), both individually and by and through his counsel of record, Dominic Rossetti and Mark Windsor, hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on September 17, 2024. (Dkt. No. 10.)

2. Defendant Clark first appeared before a judicial officer of the court in which the charges in this case were pending on March 24, 2025. (Dkt. No. 175.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Clark commence on or before June 2, 2025. On March 24, 2025, the Court set a trial date of May 20, 2025. The Court has previously continued the trial date for defendant Clark from May 20, 2025, to February 11, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 196.)

3. Defendants Goyeneche and Iriarte first appeared before a judicial officer of the court in which the charges in this case were pending on October 9, 2025. (Dkt. Nos. 263, 264.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to Defendants Goyeneche and Iriarte commence on or before December 18, 2025. On October 9, 2025, the Court set a trial date of December 2, 2025. The Court has previously continued the trial date for defendants Goyeneche and Iriarte from December 2, 2025, to February 10, 2026, and found the interim period to be excluded in computing

the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 314.)

4. Defendant Rakhim Ibragimov ("defendant Ibragimov") first appeared before a judicial officer of the court in which the charges in this case were pending on October 17, 2025. (Dkt. No. 267.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to Defendant Ibragimov commence on or before December 26, 2025. On October 17, 2025, the Court set a trial date of December 9, 2025. The Court has previously continued the trial date for defendant Ibragimov from December 9, 2025, to February 10, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. No. 314.)

5. Defendant Nahim Jorge Bonilla ("defendant Bonilla") first appeared before a judicial officer of the court in which the charges in this case were pending on November 7, 2024. (Dkt. No. 101.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Bonilla commence on or before January 16, 2025. On November 7, 2024, the Court set a trial date of January 7, 2025. The Court has previously continued the trial date for defendant Bonilla from January 7, 2025, to February 11, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. Nos. 114, 196.)

6. Defendant Joel Sosa Cardenas ("defendant Cardenas") first appeared before a judicial officer of the court in which the charges in this case were pending on October 25, 2024. (Dkt. No. 81.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

trial as to defendant Cardenas commence on or before January 3, 2025. On October 25, 2024, the Court set a trial date of December 17, 2024. The Court has previously continued the trial date for defendant Cardenas from December 17, 2024, to February 11, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. Nos. 98, 196.)

7. Defendant Garcia first appeared before a judicial officer of the court in which the charges in this case were pending on November 26, 2024. (Dkt. No. 117.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial as to defendant Garcia commence on or before February 4, 2025. On November 26, 2024, the Court set a trial date of January 21, 2025. The Court has previously continued the trial date for defendant Garcia from January 21, 2025, to February 11, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. Nos. 132, 196.)

8. At present, two of the defendants named in the First Superseding Indictment remain fugitives, and three are awaiting the initiation of extradition proceedings in Canada.

9. Defendants Clark, Bonilla, Cardenas, and Garcia currently have a trial date of February 11, 2026, a status conference date of February 5, 2026, and a motion schedule as follows: Motions due: January 8, 2026; Oppositions due: January 22, 2026; Replies due: January 29, 2026. Defendants Goyeneche, Iriarte, and Ibragimov currently have a trial date of February 10, 2026, a status conference date of February 4, 2026, and a motion schedule as follows: Motions

due: January 7, 2026; Oppositions due: January 21, 2026; Replies due: January 28, 2026.

10. Defendants Clark, Goyeneche, Ibragimov, Bonilla, Cardenas, and Iriarte are detained pending trial. Defendant Garcia is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three weeks. All defendants are joined for trial and a severance has not been granted.

11. By this stipulation, defendants Clark, Goyeneche, Iriarte, and Garcia move to continue the trial date to November 3, 2026, the status conference to October 21, 2026, and a motion schedule as follows: Motions due: September 23, 2026; Oppositions due: October 7, 2026; Replies due: October 14, 2026. This will be the second continuance for Defendants Clark, Goyeneche, Iriarte, and Ibragimov, and the third continuance for Defendants Bonilla, Cardenas, and Garcia.

12. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendants Clark, Goyeneche, Ibragimov, Cardenas, Iriarte, and Garcia are charged with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and conspiracy to export a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 963 (Count 3). Defendant Clark, in addition to Counts 1 and 3, is charged with conspiracy to distribute and possess with intent to distribute controlled substances (Count 2), continuing criminal enterprise (Count 5), murder in connection with a continuing criminal enterprise

(Counts 7-8, 10- 11), and attempted murder in connection with a continuing criminal enterprise (Count 9). Defendant Cardenas, in addition to Counts 1 and 3, is charged with possession with intent to distribute controlled substances (Count 14) and possession of a firearm in furtherance of a drug-trafficking offense (Count 16). Defendants Ibragimov and Iriarte are charged with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II) (Count 12). Defendant Goyeneche is separately charged with the same offense (Count 13). Defendant Bonilla is charged with conspiracy to distribute and possess with intent to distribute controlled substances (Count 2). Discovery in this case is voluminous. The government has produced discovery to the defense, including reports, photographs, warrants, phone records, and audio and video recordings.

b. Due to the transnational nature of the prosecution and the number of defendants, including the charges in the First Superseding Indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c. Matthew Lombard, defense counsel for defendant Clark, is presently scheduled to be in the following trials: United States v. Cuenca-Marino, Case No. 16-CR-00443-TWT-LTW, USDC Northern District of Georgia, a single-defendant drug conspiracy case, currently set for pretrial conference on January 26, 2026, with five prior continuances of the pretrial conference; United States v. Godoy-Singh, Case No. 24-CR-00043-KKC, USDC Eastern District of

Kentucky, a multi-defendant drug conspiracy case, currently set for trial on May 4, 2026, with two prior continuances, and is expected to last ten days; and United States v. Alvarez, Case No. 25-CR-00497-SPG-6, USDC Central District of California, a multi-defendant drug conspiracy case, currently set for trial on July 21, 2026, with one prior continuance, and is expected to last ten days. Accordingly, counsel for defendant Clark represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

d. Peter Swarth, defense counsel for defendant Goyeneche, is presently scheduled to be in the following trials: People v. Ramsey (Rashaun Ramsey), Case No. MA085867, a multi-defendant attempted murder and assault case, currently set for trial on January 8, 2026, and expected to last four weeks; United States v. Henriquez, et al. (Carlyle Cameron), Case No. 25-cr-104-AH-2, a multi-defendant narcotics conspiracy case, currently set for trial on January 27, 2026, with two prior continuances, and expected to last three weeks; People v. Brooks-Penn (Shanae Ann Brooks-Penn), Case No. MA084366, an abuse of a dependent adult and assault with deadly weapon case, currently set for trial on February 2, 2026, and expected to last one week; United States v. Lewis (Delandrzo Lewis), Case No. 25-cr-415-MCS-1, a single-defendant narcotics conspiracy case, currently set for trial on February 10, 2026, with two prior continuances, and expected to last 4 days; United States v. Bazan (Carlton Young), Case No. 20-cr-19-CJC-23, a multi-defendant narcotics conspiracy case, currently set for trial on March 16, 2026, with eleven prior continuances, and expected to last two weeks; United States v. Hartoonian (Jose Arviso), Case No. 25-cr-527-CAS-3, a multi-defendant conspiracy, mail theft, and identity

theft case, currently set for trial on March 24, 2026, with one prior continuance, and expected to last seven days; United States v. Boylan (Kelly Boylan), Case No. 24-cr-98-WLH-1, a single defendant sexual contact without consent case, currently set for trial on April 6, 2026, with five prior continuances, and expected to last five days; People v. Sanders, et al. (Joshua Saulsberry), Case No. BA502022-04, a carjacking and attempted robbery case, currently set for trial on April 18, 2026, and expected to last two weeks; United States v. Ponce de Leon, et al. (Faye Dimailing), Case No. 25-cr-695-MWF-5, a multi-defendant narcotics conspiracy case, currently set for trial on April 21, 2026, with one prior continuance, and expected to last two weeks; United States v. Carranza-Lopez, et al. (Antonio Pineda), Case No. 25-cr-782-FMO-3, a multi-defendant narcotics conspiracy case, currently set for trial on May 5, 2026, with one prior continuance, and expected to last two weeks; People v. Spahi, et al. (John Spahi), Case No. BA498477-01, a multi-defendant grand theft and fraud case, currently set for trial on May 9, 2026, and expected to last three weeks; United States v. Rodriguez, et al. (Gregory Antonio Benitez), Case No. 24-cr-665(A)-SVW-7, a multi-defendant narcotics conspiracy case, currently set for trial on August 4, 2026, with two prior continuances, and expected to last three weeks; United States v. Haviland (Elmer Villtoro), Case No. 24-cr-570-WLH-41, a multi-defendant narcotics conspiracy case, currently set for trial on September 14, 2026, with two prior continuances, and expected to last 21 days; and United States v. Armstead (Tommy Crockham), Case No. 25-cr-651-JFW-11, a multi-defendant RICO conspiracy case, currently set for trial on October 20, 2026, with one prior continuance, and expected to last 12+ days.

e. Mark Kassabian, defense counsel for defendant Iriarte, is presently scheduled to be in the following trials: United States v. Castillo, Case No. 25-CR-688-GW, a six-defendant drug-distribution case, currently set for trial on January 20, 2026, it has had one continuance, counsel are currently discussing a further continuance, if this case proceeds to trial it is expected to last one week; United States v. Haviland (Slack), Case No. 24-CR-570-WLH, a multidefendant gang-RICO, drug distribution case, currently set for trial on February 24, 2026, it has had two prior continuances, if this case proceeds to trial it is expected to last many weeks; United States v. Alfaro-Torres, Case No. 23-CR-00167-JWH, a three-defendant drug-distribution case, currently set for trial March 31, 2026, and has had three prior continuances, if it proceeds to trial it is estimated to last one week; United States v. Wilson (Beasley), Case No. 20-CR-516-FMO, a two-defendant arson case, currently set for trial on April 7, 2026, it has been continued once after being remanded on appeal, if it proceeds to trial it is expected to last one week; United States v. Sandoval, Case No. 25-CR-756-HDV, a two-defendant fentanyl-distribution case, currently set for trial on May 26, 2026, it has been continued once, if it proceeds to trial it is expected to last one week; United States v. Avila, Case No. 24-CR-461-FMO, an immigrant smuggling/kidnapping case, currently set for trial June 9, 2026, it has been continued three times, if it goes to trial it is expected to last one week; and United States v. Aguilar, Case No. 23-CR-545-AB, a three-defendant racketeering murder/witness retaliation, potentially death-eligible case, a USDOJ death-penalty committee presentation is scheduled for March 2, 2026, it is

currently set for trial July 21, 2026, it has been continued once, if it proceeds to trial it is expected to last three weeks.

f. Dominic Rossetti, defense counsel for defendant Garcia, is presently scheduled to be in the following trials: United States v. Robert Garcia (Robert Galicia), Case No. 5:24-cr-00056-JGB, a multi-defendant methamphetamine distribution conspiracy case, currently set for trial on February 11, 2026, with four prior continuances, and estimated to last three days; United States v. Shaw Warrington (Shaw Warrington), Case No. 8:24-cr-00060-FWS, a single defendant attempted child enticement and production of child pornography case, currently set for May 26, 2026, with four prior continuances, and estimated to last one week; United States v. Hugo Flores (Hugo Flores), Case No. 8:25-cr-00020-JVS, a single-defendant drug distribution case, currently set for July 14, 2026, with three prior continuances, and estimated to last three days.

g. On December 19, 2025, defendant Cardenas filed an ex parte application to be relieved and for appointment of new counsel.

h. In light of the foregoing, counsel for defendants Clark, Goyeneche, Iriarte, and Garcia also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

i. Defendants Clark, Goyeneche, Iriarte, and Garcia believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

j. The government does not object to the continuance.

k. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

13. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of February 11, 2026, to November 3, 2026, for defendants Clark and Garcia, and the time period of February 10, 2026, to November 3, 2026, for defendants Goyeneche and Iriarte, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel

and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

14. Defendants Ibragimov objects to continuing the trial in this matter. Counsel for the government has attempted to reach counsel for defendants Bonilla and Cardenas but was unable to ascertain defendants Bonilla and Cardenas's position on a continuance.] Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of February 11, 2026, to November 3, 2026, for defendants Bonilla and Cardenas, and the time period of February 10, 2026, to November 3, 2026, for defendant Ibragimov, constitutes a reasonable period of delay for these defendants, who are joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

//

//

//

//

//

//

//

//

//

//

//

//

15. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 8, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
LYNDSI ALLSOP
MARIA ELENA STITELER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Andrew Clark's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 3, 2026, is an informed and voluntary one.

MATTHEW J. LOMBARD
Attorney for Defendant
ANDREW CLARK

Date 1/6/26

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 3, 2026.

ANDREW CLARK
Defendant

Date 1/6/26

I am Carlos Alberto Pena Goyeneche's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 3, 2026, is an informed and voluntary one.

[signature] 12/30/2025

PETER C. SWARTH
Attorney for Defendant
CARLOS ALBERTO PENA GOYENECHE

Date

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 3, 2026.

[signature] 12-30-25

CARLOS ALBERTO PENA GOYENECHE
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, ALEJANDRO L FRANCO, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Carlos Alberto Pena Goyeneche on this date.

[signature] 12/30/2025

INTERPRETER

Date

I am Andres Felipe Puccetti Iriarte's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 3, 2026, is an informed and voluntary one.

MARK M. KASSABIAN
Attorney for Defendant
ANDRES FELIPE PUCCETTI IRIARTE

1/2/26
Date

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 3, 2026.

ANDRES FELIPE PUCCETTI IRIARTE
Defendant

1-2-2026
Date

**CERTIFICATION OF INTERPRETER**

I, ALEJANDRO L. FRANCO, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Andres Felipe Puccetti Iriarte on this date.

INTERPRETER

1-2-2026
Date

I am Anselmo Acuna Garcia's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 3, 2026 is an informed and voluntary one.

January 8, 2026

DOMINIC ROSSETTI
MARK WINDSOR
Attorneys for Defendant
ANSELMO ACUNA GARCIA

Date

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 3, 2026. I understand that I will be ordered to appear in Courtroom 5C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 3, 2026, at 8:30am.

07/01/2026

ANSELMO ACUNA GARCIA
Defendant

Date

**CERTIFICATION OF INTERPRETER**

I, Fanny Kraiem, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Anselmo Acuna Garcia on this date.

Fanny Kraiem
Fanny Kraiem (Jan 7, 2026 09:12:57 PST)

INTERPRETER

01/07/2026

Date